IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

VILLER JOHNSON,

    Plaintiff,

vs.

AMERICAN SECURITY INSURANCE COMPANY,

    Defendant.

_____/

Case No.

**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant American Security Insurance Company ("American Security"), through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1446 and 1332, hereby files this Notice of Removal and thereby removes to the United States District Court an action which is pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 15-001631-CA-01. The facts and legal authority supporting this Notice of Removal are as follows:

**A.    BACKGROUND & CONDITIONS OF REMOVAL**

1.    On or about January 16, 2014, Plaintiff, Viller Johnson, ("Plaintiff") filed this civil action against American Security. Plaintiff filed this lawsuit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Case No. 15-001631-CA-01. Plaintiff has asserted a cause of action against American Security for, among other things, alleged breach of contract. Plaintiff did not effectuate service of process on American Security until February 4, 2015.

2. Plaintiff is a citizen of the State of Florida, and she resides in Florida and owns the property, which is the subject matter of this lawsuit, located in Miami-Dade County, Florida. *See* Compl. ¶ 2. Public Records obtained from the Miami-Dade Property Appraiser's Website reflects that Plaintiff owns the property. *See* printout from Miami-Dade County Property Records, a true and correct copy of which is attached hereto as **Exhibit "1."** Thus, upon information and belief, Plaintiff was, at the commencement of this action, and is now a resident, domiciliary and citizen of the State of Florida, and no other state.

3. American Security is a Delaware corporation with its principal place of business located at 260 Interstate North Cir., SE, Atlanta, Georgia, 30339. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit "2"**; *see also Licari v. American Sec. Ins. Co*, Case No. 8:12–cv–2853–T–33EAJ, 2013 U.S. Dist. LEXIS 9729, *9 (M.D. Fla. Jan. 24, 2013) (finding American Security's principal place of business as Georgia). Thus, Defendant American Security Insurance Company was, at the commencement of this action, and is now, pursuant to 28 U.S.C. § 1348, deemed to be a citizen of the States of Delaware and Georgia and no other states.

4. Venue is properly in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of American Security's rights to assert any defenses or affirmative claims, including a counterclaim.

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed less than thirty (30) days from the date of American Security's receipt of the initial pleading.

7. This action is not a non-removable action as described under 28 U.S.C. § 1445.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date is attached hereto as **Composite Exhibit "3."**

9. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, American Security has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Removal with the Clerk of the Court for Miami-Dade, Florida. A copy of the Defendant's Notice of Removal to District Court (without attachments) is attached hereto as **Exhibit "4."**

### B. THE COMPLAINT

10. Plaintiff has sued American Security seeking to recover the cost to repair alleged damages to the Property, and certain improvements located thereon. *See* **Composite Exhibit "3."**

11. Plaintiff is seeking $75,591.19 in this action. A copy of Plaintiff's demand is attached hereto as **Exhibit 5**. Specifically, Plaintiff's counsel has furnished American Security with a copy of an estimate of damages in the amount of $72,514.68. A copy of the Plaintiff's estimate is attached hereto as **Exhibit 6**. Plaintiff is seeking $69,591.19 in damages in this action. Plaintiff additionally seeks to recover $6,000 for attorney's fees pursuant to Fla. Stat. § 627.428. *See* **Exhibit 5;** *see also* Compl. ¶ 15. The Eleventh Circuit Court of Appeal has held that when a Plaintiff seeks recovery of attorney's fees pursuant to a statute, a reasonable amount of attorney's fees can be included in calculating the amount in controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy"); *see also Velez v. Crown Life Insurance*, 599 F.2d 471, 474 (1st Cir. 1979) (where attorney's fees are provided by contract or statute, they are properly included in determining amount in controversy). Further, this Court has found that settlement offers and demands may be

considered in evaluating whether a case has been properly removed. *See Katz v. J.C. Penney Corp.*, 2009 U.S. Dist. LEXIS 51705, at *13 (S.D. Fla. June 1, 2009) ("pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed"). In the instant matter, Plaintiff's counsel provided American Security with a demand of $75,591.19, inclusive of attorney's fees. Therefore, the jurisdictional amount in controversy of $75,000 is met.

### C. LEGAL STANDARD

12. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant…, to the district court of the United States....where such action is pending."

13. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

15. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff (who is a citizen of Florida) and Defendant (American Security is a citizen of both Georgia and Delaware), and the amount in controversy is in excess of $75,000.

### D. CONCLUSION

16. As complete diversity and the jurisdictional amount have been met, this action is removable pursuant to 28 U.S.C. § 1332.

**WHEREFORE**, Defendant American Security Insurance Company respectfully requests that the aforesaid action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 15-001631-CA-01, be removed to this Honorable Court.

Dated this 4th day of March, 2015.

    Respectfully submitted,

    FOLEY & LARDNER, LLP
    Thomas F. Munro II (FL Bar No. 382027)
    tmunro@foley.com
    Andrea I. Gonzalez, Esq. (FL Bar No. 72530)
    agonzalez@foley.com
    Brandon J. Williams, Esq. (FL Bar No. 106237)
    bjwilliams@foley.com
    One Biscayne Tower
    2 South Biscayne Boulevard, Suite 1900
    Miami, FL 33131
    Telephone: 305.482.8400
    Facsimile: 305.482.8600
    ***Counsel for: Defendant American Security Ins. Co. (ASIC)***

    By: S:/*Andrea I. Gonzalez*
    Andrea I. Gonzalez, Esq.
    Florida Bar No. 72530

## CERTIFICATE OF SERVICE

I hereby certify that on 4th day of March, 2015, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel specified below, either via transmission of Notices of Electronic

4815-1922-4354.2

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Gladys Cardenas, Esq.
THE CARDENAS LAW GROUP, LLC
2300 West 84th Street, Suite 203
Hialeah, FL 33016
Telephone:  786.666.0426
Facsimile:   786.666.0451
Email: Efiling@cardenaslawgp.com
***Counsel for Plaintiff***

*s/Andrea I. Gonzalez*