# EXHIBIT 3



# CORPORATION SERVICE COMPANY®

**WAS / ALL**
**Transmittal Number: 13432483**
**Date Processed: 02/04/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Susan Small<br>Assurant Group<br>260 Interstate North Circle SE<br>Atlanta, GA 30339-2111 |

| | |
|---|---|
| **Entity:** | American Security Insurance Company<br>Entity ID Number  1874436 |
| **Entity Served:** | American Security Insurance Company |
| **Title of Action:** | Viller Johnson vs. American Security Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Miami-Dade County Circuit Court, Florida |
| **Case/Reference No:** | 15 001631 CA 01 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 02/04/2015 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Chief Financial Officer on 2/02/2015 |
| **How Served:** | Electronic SOP |
| Sender Information: | Gladys A. Cardenas<br>786-666-0426 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com





15-012060

CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA

---

VILLER JOHNSON

PLAINTIFF(S),

VS.

AMERICAN SECURITY INSURANCE COMPANY

DEFENDANT(S).

_____/

SUMMONS, COMPLAINT, DISCOVERY

**CASE #:**     15-001631-CA-01
**COURT:**      CIRCUIT COURT
**COUNTY:**  MIAMI-DADE
**DFS-SOP#:** 15-012060

## <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida.  Said process was received in my office by MAIL on the 2nd day
of February, 2015 and a copy was forwarded by Electronic Delivery on the 4th day of February,
2015 to the designated agent for the named entity as shown below.

AMERICAN SECURITY INSURANCE COMPANY
LYNETTE COLEMAN
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Jeff Atwater*

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

GLADYS A. CARDENAS
SUITE 204                                                                                          MDW
2300 WEST 84TH STREET
HIALEAH FL 33016

VILLER JOHNSON, an individual,

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Plaintiffs,

v.

GENERAL JURISDICTION DIVISION

AMERICAN SECURITY INSURANCE COMPANY

CASE NO.: 15 001631 CA 01

a foreign corporation,

FLORIDA BAR NO. 866490

Defendant.

_____/

## SUMMONS

STATE OF FLORIDA:

**YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Plaintiff's First Interrogatories, First Request for Production and First Request for Admissions in this action on the Defendant:

**AMERICAN SECURITY INSURANCE COMPANY**
c/o Chief Financial Officer as Registered Agent
200 East Gaines Street
Tallahassee, Florida 32399-4201

The Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address are: **GLADYS A. CARDENAS, ESQUIRE, THE CARDENAS LAW GROUP, LLC. 2300 West 84th Street, Suite 204, Hialeah, Florida 33016** within twenty (20) days after service of this summons on the defendant, exclusive of the day of service and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for relief demanded in the complaint or petition.

**WITNESS** my hand and the seal of said court on _____ JAN 2 6 2015 _____, 2015.

As Clerk of Court

**ANNACLETTE HODGE**
By: _____
As Deputy Clerk

## IMPORTANT

**A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).**

VILLER JOHNSON, an individual,

     Plaintiff(s),

v.

AMERICAN SECURITY INSURANCE
COMPANY,
a foreign corporation,

     Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11ᵗʰ
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 15 001631 CA 01

FLORIDA BAR NO. 86649

## COMPLAINT

The Plaintiff(s), VILLER JOHNSON, collectively the "Insured"), hereby sue Defendant, AMERICAN SECURITY INSURANCE COMPANY, (the "Defendant"), and in support thereof allege as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00) exclusive of interest, costs and fees.

2. The Insured(s) are individuals who at all times material hereto have resided in Miami-Dade County, Florida.

3. The Defendant is a foreign corporation, organized and existing under the laws of Florida, qualified to do business in Florida, and has at all times material hereto been conducting business in Miami- Dade County, Florida.

4. Venue is proper in Miami- Dade County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Miami- Dade County, Florida.

5. Venue is proper in Miami- Dade County, Florida because the property, which forms the subject matter of this lawsuit, is located in Miami- Dade County, Florida.

6.     All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

## GENERAL ALLEGATIONS

7.     At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Defendant with a policy number of ALR07292499415 (the "Policy"). The Insured after diligent search and expending all efforts to locate a copy of the Policy have not been able to do so. The Policy is in the sole and exclusive possession of the Defendant. Moreover, the Defendant must have a copy of said Policy in its possession; as such, the Insured will file a copy of the Policy after same is provided by the Defendant through discovery.

8.     Accordingly, under the terms of the Policy, the Defendant agreed to provide insurance coverage to the Insured's property against certain losses. The damaged property is located at 2001 NW 114th Street, Miami, Florida 33167 ("Property").

9.     On or about September 24, 2014, while the Policy was in full force and effect, the Property sustained a covered loss as a result of accidental water discharge to the bathroom (the "Loss").

10.    The Defendant acknowledged the Loss, assigned claim number 002-006-84192, to the Loss and assigned an insurance adjuster to attend the Loss.

11. Consequently, the Defendant acknowledged coverage for the loss by issuing partial payment for the loss. However, the Defendant failed to fully indemnify the Insured for the loss.

12. The Defendant's duty to provide coverage for a coverable loss is a condition precedent for the Insured(s) to receive the insurance's benefits that the Insured is entitled to receive under the terms of the Policy.

13. The Defendant has failed to provide full payment for the covered loss.

14. The Insured(s) has suffered damages resulting from the Defendant's breach of the Policy.

15. The Insured(s) has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorneys' fee pursuant to Florida Statute Section 627.428.

## COUNT I
## BREACH OF CONTRACT

The Insured(s) re-allege and re-incorporate paragraphs 1 through 15 as if fully set forth herein.

16. It is undisputed that the Insured(s) and the Defendant entered into a written contract, the Policy, wherein the Insured(s) agreed to pay a premium and the Defendant agreed to insure the Insured's Property.

17. The Insured(s) have paid all premiums due and owing as contemplated by the Policy; thus, fully performing their obligations under the Policy.

18. Further, at all times material hereto, the Insured have satisfied all post loss

obligations accorded in the Policy, including but not limited to: (i) protecting the Property from further loss; (ii) making reasonable and necessary repairs to protect the Property; and (iii) keeping an accurate record of the repairs expenses. Accordingly, the Insured(s) have made diligent efforts to complete reasonable repairs to the Property and have mitigated the damages sustained.

19.   In contrast, the Defendant has failed to: (i) acknowledge that payment would be forthcoming and/or (ii) make any payment of insurance proceeds to the Insured. As a result of the foregoing, the Defendant has breached the Policy.

20.   As a direct and proximate result of the Defendant's breach of the Policy, the Insured have suffered damages.

**WHEREFORE**, the Insured(s) respectfully request that this Court enter judgment against the Defendant for damages, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes, and demand a trial by jury on all issues so triable.

Dated this 16 th day of January, 2015.

By /s/ Gladys A. Cardenas
**THE CARDENAS LAW GROUP, LLC.**
Gladys Cardenas, Esq.
Florida Bar No. 866490
Counsel for the Insured.
2300 West 84th Street, Suite 203
Hialeah, Florida 33016
Telephone No. (786) 666-0426
Facsimile No.   (786) 666-0451
E-Service Email: Efiling@cardenaslawgp.com

VILLER JOHNSON, an individual,

      Plaintiff(s),

v.

AMERICAN SECURITY INSURANCE
COMPANY,
a foreign corporation,

      Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 15 001631 CA 01

FLORIDA BAR NO. 866490

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Pursuant to Florida Rules of Civil Procedure 1.370, Plaintiff(s), VILLER JOHNSON, (collectively the "Insured"), hereby propounds her First Request for Admissions to Defendant, AMERICAN SECURITY INSURANCE COMPANY,(the "Defendant"), to admit or deny each of the following numbered requests, or respond thereto as required by said rule. Failure to respond within forty-five (45) days shall be deemed an admission of each request.

### DEFINITIONS

The term "Defendant" means AMERICAN SECURITY INSURANCE COMPANY, and any employees, agents, representatives, attorneys or other persons acting or purporting to act, on its behalf.

### REQUESTS

1. Admit that a homeowner's insurance policy with policy number ALR0729249944 15 (the "Policy") issued by the Defendant was in full force and effect on September 24, 2014 for the property located at 2001 NW 114th Street, Miami, Florida 33167 (the "insured property").

2. Admit that on or about September 24, 2014, the insured property sustained a covered loss (the "Loss").

3.    Admit that "wear and tear" cannot cause the damages sustained to the insured property as a result of the Loss.

4.    Admit that the Loss is not caused by faulty, inadequate or defective maintenance.

5.    Admit that the Insured has cooperated with the Defendant at all times material hereto.

6.    Admit that the Policy is a written contract between the Insured and the Defendant.

7.    Admit that the Insured has paid all premiums due to obtain coverage under the Policy.

8.    Admit that the Defendant has breached the Policy.

9.    Admit that the Defendant has not been prejudiced by the Insured.

10.    Admit that the Defendant, its agents, and/or its representatives, conducted an inspection of the insured property.

11.    Admit that the Defendant, its agents, and/or its representatives, observed water damage to the interior of the insured property.

12.    Admit that during the inspection, the Defendant witnessed direct physical loss to the insured property.

13.    Admit that no evidence of "constant or repeat seepage" of water was observed at the insured property.

14.    Admit that the Defendant has not fully indemnified the Insured for the loss.

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served

attached to the original Summons and Complaint.

By:     /s/ Gladys A. Cardenas
       **THE CARDENAS LAW GROUP, LLC.**
       Gladys A. Cardenas, Esq.
       Florida Bar No. 866490
       Counsel for the Insured
       2300 West 84th Street, Suite 203
       Hialeah, Florida 33016
       Tel:  (786) 666-0426
       Fax: (786) 666-0451
       E-service E-mail: efiling@cardenaslawgp.com

VILLER JOHNSON, an individual,

        Plaintiff(s),

v.

AMERICAN   SECURITY   INSURANCE
COMPANY,
a foreign corporation,

        Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 15 001631 CA 01

FLORIDA BAR NO. 866490

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

        Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, VILLER JOHNSON, (the "Insured") requests the Defendant, AMERICAN SECURITY INSURANCE COMPANY, (the "Defendant") to produce the following identified documents and things for inspection and duplication, within the time permitted by the Florida Rules of Civil Procedure.

## I.   DEFINITIONS AND INSTRUCTIONS

        1.        The terms "you", "your(s)", "yourselves", "defendant", and/or "Insurance Company" means the party or parties to which this request is addressed, and any agents, representatives, attorneys or other persons acting or purporting to act, on its behalf.

        2.        The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

        3.        The "Complaint" means the Complaint filed by the Insured in the matter entitled VILLER JOHNSON, v. AMERICAN SECURITY INSURANCE COMPANY , in the Eleventh Judicial Circuit in and for Miami- Dade County, Florida.

4.      The term "document" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

5.      The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6.      The term "Insurance Company" or "Defendant" shall refer to AMERICAN SECURITY INSURANCE COMPANY , its affiliates, subsidiaries, predecessors, successors, agents, attorneys and/or anyone else acting in its behalf.

7.      The term "Property" identifies the dwelling unit insured under the policy, also known as 2001 NW 114th Street, Miami, Florida 33167.

8.      The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

9.      As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

10.     The terms "and", "as well as" and "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive.  The term "all" means "any and all."  The terms "each" and "every" means "each and every," the term "including" means "including without limitation."

11.     The terms "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

12.     The terms "locate" or "location" means to state the present whereabouts of each document and to identify the person(s) having possession, custody or control thereof.

13.     The term "to date" shall mean the date on which you respond to this request.

14.     When producing the required documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

15.     When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

16.     In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

17.     The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

18.     If you claim that the attorney/client or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim.

19.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any one of these requests, then in response to the appropriate request:

      (a)     furnish each such document that is available to you without undertaking what you contend to be an unreasonable burden;

      (b)     state with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome; and

      (c)     describe with particularity the efforts made by you to secure such documents, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such documents, including the duration of time spent and nature of work done by each person.

20.     Unless otherwise indicated, all requests include the time period of May 1992 to date.

21.     The term "Insured" shall refer to VILLER JOHNSON,, their affiliates, predecessors, successors, agents, attorneys and/or anyone else acting in their behalf.

## II.   LOST/DESTROYED DOCUMENTS

If any document to be produced was, but is no longer, in your possession, custody or control and/or has been destroyed or is otherwise incapable of production or state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; (d) if not destroyed, the reason why the document is incapable of production; and (e) the subject matter of the document.

## III.   DOCUMENTS REQUESTED

1.      A true and correct certified copy of the insurance policy provided by the Defendant to the Insured, for which this lawsuit is premised, including but not limited to, declaration sheet(s), all addendums and attachments.

2.      Each and every timesheet, log and all other documents reflecting time spent by the Defendant at the Property.

3.      Each and every document, evidencing the name, address, and the position/relationship with the Defendant, of every individual who has visited or plans to visit the Property on behalf of the Defendant.

4.      Any and all correspondence or written communications from the Defendant to the Insured, which in any manner pertain to the Insured's loss as described in the Complaint.

5.      Any and all correspondence or written communications from the Insured, to the Defendant which in any manner pertains to the Insured's loss as described in the Complaint.

6.      Any and all photographs taken by the Defendant of the Property.

7.      All documents containing information regarding a statement by the Insured at any time during the Defendant's handling of the Insured's loss, including adjuster notes, claim reports, interoffice memorandum, tape recordings and any transcripts or written statements from the Insured.

8.      Any and all bills or estimates for repairs to the Property submitted to the Defendant by the Insured.

9.      Any and all checks paid to, or on behalf of the Insured, representing insurance coverage payment(s) for the loss.

10.      Any and all documentation and/or reports prepared for the Defendant by any adjuster, engineer and/or any expert referring to the Property, including, but not limited to, any estimate, report and/or documentation prepared and/or resulting from any inspection on the Property conducted by Defendant, any of its agents, or anybody else acting on its behalf.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been served attached to the original Summons and Complaint.

By: /s/ Gladys A. Cardenas
**THE CARDENAS LAW GROUP, LLC.**
Gladys A. Cardenas, Esq.
Florida Bar No. 866490
Counsel for the Insured
2300 West 84th Street, Suite 203
Hialeah, Florida 33016
Tel: (786) 666-0426
Fax: (786) 666-0451
E-service E-mail: efiling@cardenaslawgp.com

VILLER JOHNSON, an individual,

      Plaintiff(s),

v.

AMERICAN SECURITY INSURANCE
COMPANY,
a foreign corporation,

      Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:15 001631 CA 01

FLORIDA BAR NO. 866490

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST
## SET OF INTERROGATORIES TO DEFENDANT

The Plaintiff(s), VILLER JOHNSON,(the "Insured"), by the undersigned attorneys, propounds

the following First Set of Interrogatories upon Defendant, AMERICAN SECURITY INSURANCE

COMPANY , to be answered in writing under oath within forty-five (45) days after service thereof.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing along with a copy of

Plaintiff's First Set of Interrogatories to Defendant has been served attached with the original Summons

and Complaint.

By:  /s/ Gladys A. Cardenas
    **THE CARDENAS LAW GROUP, LLC.**
    Gladys A. Cardenas, Esq.
    Florida Bar No. 866490
    Counsel for the Insured
    2300 West 84th Street, Suite 203
    Hialeah, Florida 33016
    Tel: (786) 666-0426
    Fax: (786) 666-0451
    E-service E-mail: efiling@cardenaslawgp.com

VILLER JOHNSON, an individual,

        Plaintiff(s),

v.

AMERICAN SECURITY INSURANCE
COMPANY,
a Florida corporation,

        Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 15 001631 CA 01

FLORIDA BAR NO. 866490

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, Plaintiffs, VILLER JOHNSON, (the "Insured") propounds the following First Set of Interrogatories upon Defendant, AMERICAN SECURITY INSURANCE COMPANY, (the "Defendant"), to be answered in writing, under oath, within the time specified.

## DEFINITIONS AND INSTRUCTIONS

1.     Insert your answers in the space provided following each question. If additional space is needed, so indicate in the space provided, prepare your answers on a separate paper, and attach the additional paper to your answers.

2.     Separately answer each interrogatory, and each subsection of each interrogatory. The term "you" and "your" means the party or parties to which this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

3.      The terms "Insurance Company" or "Defendant" means the defendant in this action to which these Interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on their behalf.  The terms "Insurance Company" or "Defendant" also includes the party's divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and accountants as well as each partnership in which it is a partner, and includes any other person, acting or purporting to act on its behalf.

4.      The terms "you" and "your" mean the party or parties to which these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

5.      The "Complaint" means the Complaint filed by Plaintiff in the matter styled VILLER JOHNSON, v. AMERICAN SECURITY INSURANCE COMPANY, in Miami- Dade County, Florida.

6.      The term "Claim" means any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which Plaintiff demands that it has suffered damages, or has a right to payment, as the result of any act or omission of Defendant.

7.      The terms "person" or "persons" mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

8.    The term "contract" means any promise, or set or promises, which creates an obligation to do or not do a particular thing where there was meeting of the minds on a given proposition and an understanding and intention between the parties.

9.    The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

10.    The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists,

tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

11.     The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

12.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

13.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive.  The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

14.     The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

15.     The terms "locate" or "location" means to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

16.     The term "to date" shall mean the date on which you answer these interrogatories.

17.     The term "including" means "including but not limited to".

18.     "Relating to" or "relevant to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

19.     The term "Identify," when used with reference to a natural person, means state:

(a)     his full name and address (or, if the present address is not known, his last known address).

(b)     the full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal.

(c)     his present (or, if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relate, and

(d)     such other information sufficient to enable Plaintiff to identify the person.

20.     "Identify," when used with reference to any entity other than a natural person, means:

(a)     state the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization.

21.     "Identify," when used with reference to a document or written communication, means state:

(a)     its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

(b)     the identity of each signer to the document or communication;

(c)     the title or heading of the document or communication;

(d)  its substance;

(e)  its present (or, if the present is not known, the last known) location and custodian.

(f)  the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (I) respondent and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

(g)  the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

22.  "Identify," when used with reference to an oral transaction or oral communication, means state:

(a)  its nature (e.g., telephone call, conversation in person, etc.)

(b)  the date and place thereof.

(c)  the identity and address of each person participating therein, present during or witness to any part thereof.

(d)  identify each document in which such transaction or communication was recorded, described or referred to.

23.  "Identify" when used with reference to a lawsuit means state:

(a)  the caption of each lawsuit;

(b)  the court in which the lawsuit was filed;

(c)  the case number;

(d)  identify the parties, and

(e)  a brief summary of the nature of the claim or charge.

24.  "Identify" when used with reference to an administrative claim or charge means state:

      (a)     identify the claimant or charging party;

      (b)     the administrative office were filed;

      (c)     the number assigned to identify the claim or charge, and

      (d)     a brief summary of the nature of the claim or charge.

25.     "Identify," when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

26.     You may, in lieu of identifying any Document or written communication, attach a true copy of each Document as an exhibit to the answers to these interrogatories. On each occasion in which you choose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

27.     Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced and by the file from which the document was produced.

28.     If any of the information furnished in an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished.

29.     If the answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but in no event less than five days prior to trial.

30.     If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

        (a)    set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;

        (b)    state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome; and

        (c)    describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person.

31.     Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered and/or acquired by you between the date of your initial answer and any time thereafter.

32.     If you claim in response to any request for production that any requested document is "privileged" and not subject to discovery, you shall so state expressly and, in addition, shall provide

a privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

33.    If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the affiant any part of the information furnished.

34.    To the extent precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the method employed in making the estimate shall be described.

## **INTERROGATORIES**

1.    Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

2.    Please state the date that the Defendant first received notice from the Insured and/or the Insured's agent for a claim of benefits under the Policy for property damages as described in the Complaint in this lawsuit.

3.     In reference to the Defendant's denial of the Insured's claim for benefits under the Policy, please state:

a.     The date the decision to deny the claim was made.

b.     Identify each person who participated in the decision to deny the Insured's claim.

c.     Describe each and every fact upon which you relied in forming the basis for your denial of the Insured's claim.

      d.     Identify each document sent by the Defendant to the Insured detailing the reasons why the Defendant denied the Insured's claim.

      e.     State the location, including, page(s), line(s) and paragraph number (s), and the exact language contained in the Policy, which you used to base your decision to deny coverage of the Insured's claim.

      4.     Identify each person, by name, address, phone number and position, whom on behalf of the Defendant, inspected the Insured Property in reference to the claim for benefits under the Policy, including his or her field of expertise and the date of each inspection.

      5.     Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Defendant by the Insured in reference to the Insured's claim for benefits under the Policy.

6.      Identify all persons (other than the Defendant) believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which witnesses have knowledge and state whether you have obtained any statements (oral, written or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness were taken and who has the present possession, custody and control of any such statements.

7.      Identify all persons who, on the Defendant's behalf have any way participated in the investigation, evaluation, adjusting and/or handling of the claim involved hereto and specify the nature of the participation for each and every such person and give the time period during which they participated.

8.      For each decision that was made that the claim of the Insured were allegedly not covered under the Policy, please state the date you first decided that the Insured was allegedly not covered, the date you arrived at the conclusion the Insured was not covered and the names and address and phone number and the dates of involvement of each and every person that knows any information concerning these matters.

9.     Refer to the page and line of any and all written guidelines you used in the claims handling process that justify the investigation and claims handling such as was conducted with regards to the claims presented by the Insured.

10.     Please describe all requests made by the Defendant upon the Insured (i.e., requests for examination under oath, information, documents, sworn proofs of loss, etc.,) in reference to this claim and the dates made.

11.    With reference to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each such fact.

IN WITNESS WHEREOF, the Defendant has executed the foregoing answers to interrogatories and states that same are true and correct to the best of the undersigned's knowledge and belief.

_____
AMERICAN SECURITY INSURANCE COMPANY


By: _____


Title: _____


STATE OF _____  }

                                         }

COUNTY OF _____  }

BEFORE ME, the undersigned authority, personally appeared _____,

who is personally known to me or who has produced _____ as identification, being

first duly sworn according to law, deposes and says that he/she executed the foregoing Answers to

Plaintiffs' First Set of Interrogatories and that they are true and correct to the best of his/her

knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office; in

the County and State last aforesaid, this ____ day of _____, 2014.


Notary Signature: _____      Notary Seal: _____